IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>    Plaintiff,<br><br>v.<br><br>Fredericksburg Gold & Pawn, Inc.,<br><br>    Defendant. | CIVIL ACTION NO. 3:16-cv-00987 |

## STIPULATED FINAL JUDGMENT AND ORDER

The Consumer Financial Protection Bureau filed this civil action on December 19, 2016, to obtain injunctive relief, restitution, disgorgement, civil money penalties, and other equitable relief against Fredericksburg Gold & Pawn, Inc. (Fredericksburg). The Complaint alleges violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq.*, its implementing regulation, Regulation Z, 12 C.F.R. pt.1026, and § 1036(a)(1)(A) of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. § 5536(a)(1)(A), for failure to disclose an accurate annual-percentage rate on contracts for closed-end pawn loans.

The parties, by and through their respective counsel, agree to the entry of this Stipulated Final Judgment and Order (Order).

**THEREFORE, it is ORDERED:**

## **FINDINGS AND CONCLUSIONS**

1. This Court has jurisdiction over the parties and the subject matter of this action, and venue is proper in this district.

2. The parties agree to entry of this Order, without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint to the Effective Date of this Order.

3. Defendant neither admits nor denies any allegations in the Complaint, except as specifically stated in this Order. For purposes of this Order, Defendant admits only those facts in the Complaint necessary to establish the Court's jurisdiction over Defendant and the subject matter of this action.

4. Defendant waives service under Rule 4(d) of the Federal Rules of Civil Procedure and waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order.

5. The relief provided in this Order is appropriate and available under §§ 1054 and 1055 of the CFPA, 12 U.S.C. §§ 5564, 5565, and §§ 108 and 128 of TILA, 15 U.S.C. §§ 1607, 1638.

6. Defendant waives any claim it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.

7. Each party will bear its own costs and expenses, including, without limitation, attorneys' fees.

8. Entry of this Order is in the public interest.

## DEFINITIONS

9. "Affected Consumers" means consumers who entered a contract for a pawn loan from Fredericksburg between January 1, 2013, and the date of this Order.

10. "APR" or "Annual Percentage Rate" means "a measure of the cost of credit, expressed as a yearly rate," as described in 12 C.F.R. § 1026.22(a)(1).

11. "Bureau" means the Consumer Financial Protection Bureau.

12. "Defendant" means Fredericksburg Gold & Pawn, Inc., and its successors and assigns.

13. "Effective Date" means the date this Order is entered.

14. "Enforcement Director" means the Assistant Director for the Office of Enforcement of the Consumer Financial Protection Bureau, or his or her delegee.

15. "Related Consumer Action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Fredericksburg based on substantially the same facts as described in the Complaint.

## ORDER

### A. Conduct Relief

16. Fredericksburg and its officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with them and who have actual notice of this Order, whether acting directly or indirectly, may not violate and must take reasonable measures to ensure that its service providers, affiliates, and other agents do not violate TILA and Regulation Z, 15 U.S.C. § 1601, *et seq.*, 12 C.F.R. pt. 1026. Fredericksburg, whether acting directly or indirectly, is permanently restrained from:

    a. issuing consumer-finance contracts that disclose an incorrect APR; and

b.  issuing consumer-finance contracts that do not fully and accurately disclose all information required by TILA and Regulation Z in the manner required, 15 U.S.C. § 1601, *et seq.*, 12 C.F.R. pt. 1026.

Nothing in this Order shall be read as an exception to this paragraph.

**B.   Order to Pay Disgorgement**

17.  Judgment for monetary relief is hereby entered in favor of the Bureau and against Fredericksburg in the amount of $24,570.08.

18.  Fredericksburg is ordered to pay $24,570.08 in two payments of $12,285.04 each, the first within 60 calendar days of the Effective Date, and the second within 90 calendar days of the Effective Date, each in the form of a wire transfer to the Bureau or to such agent as the Bureau may direct, in accordance with wiring instructions to be provided by counsel for the Bureau. The Bureau will deposit the payments in the United States Treasury as disgorgement.

19.  Fredericksburg must relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law, and no part of the funds may be returned to Fredericksburg.

**C.   Order to Pay Civil Money Penalties**

20.  Under § 1055(c) of the CFPA, 12 U.S.C. § 5565(c), taking into account the factors in 12 U.S.C. § 5565(c)(3), judgment for a civil penalty is entered against Fredericksburg in the amount of $5,000.00.

21.  This civil money penalty is imposed based on the alleged violations of law described in the Complaint.

22.  Within fourteen calendar days of the Effective Date, Fredericksburg must pay the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions. Fredericksburg must relinquish all dominion, control, and title

to the funds paid to the fullest extent permitted by law, and no part of the funds may be returned to Fredericksburg.

23. The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau pursuant to § 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

24. Fredericksburg must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Fredericksburg may not:

    a. claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

    b. seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment under any insurance policy, for any civil money penalty paid under this Order.

25. To preserve the deterrent effect of the civil money penalty, in any Related Consumer Action, Fredericksburg may not argue that Fredericksburg is entitled to, nor may Fredericksburg benefit from, any offset or reduction of any compensatory monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action (Penalty Offset). If the court or tribunal in any Related Consumer Action grants a Penalty Offset, Fredericksburg must, within 30 calendar days after entry of a final order granting the Penalty Offset, notify the Bureau and pay the amount of the Penalty Offset to the United States Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

**D.     Default or Delinquency**

26.     In the event of any default on Fredericksburg's obligations to make payment to the Bureau under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amount not paid from the date of default to the date of payment and will immediately become due and payable.

27.     Under 31 U.S.C. § 7701, Fredericksburg must furnish to the Bureau its taxpayer identifying number, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

**E.     Reporting Requirements**

28.     For five years from the Effective Date, Fredericksburg must notify the Bureau of any development that may affect compliance obligations arising under this Order, including, but not limited to: a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against Fredericksburg; or a change in Fredericksburg's name or address. Fredericksburg must provide this notice at least 30 days before the development or as soon as practicable after learning about the development, whichever is sooner.

29.     Within 21 days of the Effective Date, Fredericksburg must designate and provide to the Bureau at least one telephone number and an email, physical, and postal address as points of contact that the Bureau may use to communicate with Fredericksburg.

30.     Within 90 days of the Effective Date, and again one year after the Effective Date, Fredericksburg must submit to the Enforcement Director an accurate written compliance-progress report (Compliance Report), that, at a minimum:

      a.    describes in detail Fredericksburg's compliance with this Order; and

      b.    attaches a copy of each Order Acknowledgment obtained under Section F of this Order, unless previously submitted to the Bureau.

**F.   Order Distribution and Acknowledgement**

31.    Within seven days of the Effective Date, Fredericksburg must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

32.    Within 30 days of the Effective Date, Fredericksburg must deliver a copy of this Order to each of its board members and executive officers, as well as any persons with responsibilities related to the injunctive relief described in Section A of this Order, whether they are managers, employees, service providers, or other agents or representatives.

33.    For five years from the Effective Date, Fredericksburg must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section E, any future board members and executive officers, as well as to any managers, employees, service providers, and other agents or representatives who will have responsibilities related to the injunctive relief described in Section A of this Order, before they assume their responsibilities.

34.    Should Fredericksburg seek to transfer or assign all or part of its operations that are subject to this Consent Order, Fredericksburg must, as a condition of sale, obtain the written agreement of the transferee or assignee to comply with all applicable provisions of this Consent Order.

35.    Fredericksburg must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of

the E-Sign Act, 15 U.S.C. § 7001 *et seq.*, within 30 days of delivery of the Order, from all persons receiving a copy of this Order under this Section.

## G. Recordkeeping

36. Fredericksburg must retain, for at least five years from the Effective Date, all documents and records necessary to demonstrate full compliance with each provision of this Order, including:

    a. all documents and records pertaining to the Affected Consumers; and

    b. all consumer-finance contracts.

37. Upon request by the Bureau, Fredericksburg must make the documents identified in paragraph 36 available to the Bureau within 30 days

## H. Notices to the Bureau

38. Unless otherwise directed in writing by the Bureau, Fredericksburg must provide to the Bureau all submissions, requests, communications, or other documents required by this Order in writing, with the subject line, "Consumer Financial Protection Bureau v. Fredericksburg Gold & Pawn, Inc., File No. 2016-1678-02," by email to Enforcement_Compliance@cfpb.gov, and by first-class mail to:

> Assistant Director for Enforcement
> Consumer Financial Protection Bureau
> ATTENTION: Office of Enforcement
> 1700 G Street, N.W.
> Washington D.C. 20552.

## I. Cooperation with the Bureau

39. For five years from the Effective Date, Fredericksburg must cooperate fully with the Bureau in this matter and in any investigation related to or associated with the conduct described in the Complaint. Fredericksburg must provide truthful and complete information,

evidence, and testimony. Fredericksburg must require its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that the Bureau may reasonably request upon 14 days written notice, or other reasonable notice, at such places and times as the Bureau may designate, without the service of compulsory process.

**J.     Compliance Monitoring**

40.     For five years from the Effective Date, for purposes of compliance monitoring, the Bureau may communicate directly with Fredericksburg, and Fredericksburg may, at its election, have counsel present during such communications and may consult with counsel prior to responding to such communications.

41.     For five years from the Effective Date, Fredericksburg must permit Bureau representatives to interview any employee or other person affiliated with Fredericksburg who has agreed to such an interview. The person interviewed may have counsel present.

42.     Nothing in this Order limits the Bureau's lawful use of compulsory process under 12 U.S.C. § 5526 and 12 C.F.R. § 1080.6.

43.     For five years from the Effective Date, Fredericksburg agrees to be subject to the Bureau's supervisory authority under 12 U.S.C. § 5514. Consistent with 12 C.F.R. § 1091.111, Fredericksburg may not petition for termination of supervision under 12 C.F.R. § 1091.113.

44.     The Bureau releases and discharges Defendant Fredericksburg from all potential liability for law violations that the Bureau has or might have asserted based on the practices alleged in the Complaint, to the extent such practices occurred before the Effective Date and the Bureau knew about them as of the Effective Date. Notwithstanding this release, the Bureau may use the practices alleged in the Complaint in future enforcement actions against Fredericksburg or its affiliates to establish a pattern or practice of violations or the continuation of a pattern or

practice of violations or to calculate the amount of any penalty. This release does not preclude or affect any right of the Bureau to determine and ensure compliance with the Order or to seek penalties for any violation of the Order.

## K. Retention of Jurisdiction

45. The Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated this 15 day of March, 2017.

                              /s/         REP
                        _____
                        **UNITED STATES DISTRICT JUDGE**
                        ROBERT E. PAYNE

Consented and agreed to:

FOR THE CONSUMER FINANCIAL PROTECTION BUREAU:

ANTHONY M. ALEXIS
Assistant Director for Enforcement

JEFFREY PAUL EHRLICH
Deputy Assistant Director for Enforcement

*/s/ Kara K. Miller*
KARA K. MILLER (VSB No. 47821)
Assistant Litigation Deputy
DONALD R. GORDON (D.C. Bar No. 482384)[1]
Senior Litigation Counsel
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
E-mail: kara.miller@cfpb.gov
Tel.: (202) 435-7825
Fax: (202) 435-7329

Attorneys for Plaintiff
Consumer Financial Protection Bureau

---

[1] Admitted pro hac vice.

FOR DEFENDANT:

_____
PAUL F. NICHOLS (VSB No. 493507)
Nichols Zauzig Sandler P.C.
12660 Lake Ridge Drive
Woodbridge, VA 22192
E-mail: paul@nzslaw.com
Tel: (703) 492-3300
Fax: (703)492-4201

Attorneys for Defendant
Fredericksburg Gold & Pawn, Inc.